IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRENDA LEONARD-RUFUS EL,          *
RAHN EDWARD RUFUS EL              *
                                  *
Plaintiffs,                       *
                                  *
v.                                *   Civil Action No. RWT-13-3056
                                  *
OCWEN LOAN SERVICING, LLC, et al. *
                                  *
Defendants.                       *
                                ***

**MEMORANDUM OPINION**

On October 15, 2013, Plaintiffs Brenda Leonard-Rufus El and Rahn Edward Rufus El filed a Complaint against three corporate and nineteen individual Defendants alleging various claims relating to a foreclosure proceeding on their home. Two groups of Defendants filed Motions to Dismiss. ECF Nos. 6, 10. On January 17, 2014, without consent of the parties or leave of the Court, Plaintiffs filed an Amended Complaint. ECF No. 26. The same groups of Defendants filed Motions to Strike the Complaint or in the alternative, Motions to Dismiss. ECF Nos. 27, 30, 33. For the reasons stated herein, the Court will dismiss the complaint with prejudice and direct the Clerk to close this case.

Facts & Procedural History

In October, 2009, Plaintiffs executed a Note in the amount of $266,828.00 in favor of US Mortgage Finance Corp. ("USMFC") secured by a Deed of Trust against real property located at 12645 Willow View Place, Waldorf, Maryland. Complaint, ECF No. 1 ("Compl."), at 2. The Deed of Trust originally named Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for USMFC. Motion to Dismiss filed by Substitute Trustees, ECF No. 6

("Subs. Trustee Mot."), at 1. The Note reflects two special indorsements, from USMFC to GMAC Bank and from GMAC Bank to GMAC Mortgage, LLC and one blank indorsement from GMAC Mortgage LLC f/k/a/ GMAC Mortgage Corporation. Motion to Dismiss filed by Ocwen Defendants, ECF No. 10 ("Ocwen Mot."), at 4. On May 13, 2013, Ocwen executed a Deed of Appointment appointing various individuals as substitute trustees. Subs. Trustee Mot., at 3.

The loan subsequently fell into default, and the substitute trustees commenced a foreclosure action in the Circuit Court for Charles County, Maryland. On October 15, 2013, Plaintiff filed a Complaint against twenty-two defendants alleging violations of the 5th Amendment to the United States Constitution, various provisions of Title 18 of the United States Code, the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), fraud, "robo signing" and "MERS." Compl., at 1. The Complaint names three corporate entities—Ocwen, USMFC, and MERS, Inc.—and various individuals, six of whom are the substitute trustees. It seeks compensatory damages of $150,000, punitive damages, declaratory judgment as to right and title of the property in Plaintiffs' favor, an injunction prohibiting Defendants from foreclosing on the property, fees and costs. Compl., at 3-4.

On December 3, 2013, six Defendants, the "substitute trustees" filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. On December 10, 2013, Ocwen Loan Servicing, LLC, MERS, Inc., and eight individual Defendants (the "Ocwen Defendants") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). ECF No. 10. It does not seem that the remaining Defendants have been properly served[1] despite an October 11, 2013 Order directing Plaintiffs to

---

[1] Even the Defendants who entered appearances in this case do not seem to have been properly served. They did, however, file waivers of service. ECF Nos. 8, 23.

provide addresses for all Defendants within 30 days of the date of the Order in order for the Clerk to issue Summons.[2] ECF No. 11.

From December 19, 2013 to December 24, 2013, the Plaintiffs submitted seven filings. Three are styled "Affidavit of Fact" (ECF Nos. 13, 17, 22), three are styled "Notice of Default" (ECF Nos. 14, 15, 16) and one is styled as a "Certificate of Non-Response/Non-Performance" (ECF No. 18). On December 31, 2013, the Ocwen Defendants filed a Motion to Strike Plaintiffs' Miscellaneous Filings. ECF No. 24.

On January 17, 2014, Plaintiffs filed an Amended Complaint adding additional Defendants and two new counts. ECF No. 26. On January 24, 2014, the Substitute Trustee Defendants filed a Motion to Strike Amended Complaint. ECF No. 27. On January 31, 2014, the Ocwen Defendants filed a Motion to Dismiss Amended Complaint or in the alternative Motion to Strike Amended Complaint. ECF No. 30. On February 14, 2014, the Substitute Trustee Defendants also filed a Motion to Dismiss the Amended Complaint. ECF No. 33. Plaintiffs filed what are docketed as a "Motion to Dismiss Defendant's Motion to Dismiss" and "Motion to Strike Motion to Dismiss" on February 18, 2014 and February 24, 2014. ECF Nos. 35, 36.

Motions to Dismiss

A motion to dismiss pursuant to Rule 12(b)(1) challenges whether the parties have standing to sue. Plaintiffs must show an actual case or controversy by alleging (1) they have suffered an injury in fact, (2) there is a "causal connection between the injury and the conduct complained of" and (3) it must be "likely as opposed to merely speculative, that the injury will

---

[2] The Complaint will be dismissed as to the unserved Defendants as well. A December 11, 2013 Order reminded Plaintiffs that they bear the responsibility for effecting service of process on the Defendants. Federal Rule of Civil Procedure 4(m) requires service to be effected 120 days after the Complaint has been filed. Plaintiffs have been reminded of this obligation and still have not complied. ECF No. 11.

3

be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations omitted).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

The arguments presented by both groups of Defendants in their unopposed motions to dismiss are well-taken. The Plaintiffs fail to allege a justiciable case or controversy and cannot demonstrate "any concrete and particularized injury in fact that is fairly traceable to actions attributable" to any Defendants. *Casey v. Litton Loan Servicing LP*, No. RDB-11-0787, 2012 WL 502886 (D. Md. Feb. 14, 2012). This case could therefore properly be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Specifically, however, the Complaint fails to sufficiently plead any valid claims. Plaintiffs' first count, for violations of their Fifth Amendment Due Process Clause rights under

42 U.S.C. § 1983, is improper. In order to plead a claim under § 1983, a plaintiff must plead that a constitutional or statutory right was violated under color of law. The Complaint fails to allege any Maryland or Federal law under which any Defendants were allegedly acting. More significantly, perhaps, they do not allege any facts suggesting that a constitutional right has been violated.

Counts II-IV, VI and VII, violations of Title 18 of the United States Code will be dismissed because these portions of the United States Code do not provide for a civil remedy.[3]

Count V will be dismissed as well because Plaintiffs have clearly failed to state a claim for a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. § 1964. In order to plead a cause of action for a RICO violation, Plaintiffs need to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" as defined in 18 U.S.C. § 1961. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). RICO was meant to target "ongoing unlawful activities whose scope and persistence pose a special threat to social well-being" and there must be "continuing racketeering activity." *Menasco Inc. v. Wasserman*, 886 F.2d 681, 683-4 (4th Cir. 1989). Plaintiffs fail to allege any such conduct.

Plaintiffs also seem to challenge the legitimacy of MERS though they do not specifically allege this as a cause of action. Ocwen Defendants persuasively argue that to the extent Plaintiffs allege this, the law in Maryland is clear that "courts that have considered the issue have found that the system of recordation is proper and assignments made through that system are valid." *Suss v. JP Morgan Chase Bank, N.A.,* No. WMN-09-1627, 2010 WL 2733097 (D. Md. July 9, 2010); Ocwen Mot., at 18.

---

[3] The Complaint does not number the Counts. This Court will use the numbers assigned by the Ocwen Defendants' Motion to Dismiss. Ocwen Mot., ECF No. 10.

Plaintiffs have failed to state a claim in Count VIII for violation of the FDCPA as well. "In order to prevail on an FDCPA claim, a plaintiff must [allege and] prove that: (1) the plaintiff has been the subject of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kuplun v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) (quoting *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D. La. 1995)). None of the Defendants in this case is a debt collector within the meaning of the statute. *See, e.g.*, *Allen v. Bank of Am. Corp.*, No. CCB-11-13, 2011 WL 3654451, at *7 (D. Md. Aug. 18, 2011).

Finally, Plaintiffs allege violations of RESPA. Not only would the statute of limitations have run on these claims, *see* 12 U.S.C. § 2614, but Plaintiffs admit they were properly notified of transfer of their Note, and therefore do not allege any act that could constitute a RESPA violation. *See* 12 U.S.C. § 2605; Ocwen Mot., at 22.

Motion to Strike Plaintiffs' Miscellaneous Filings

Rule 7 of the Federal Rules of Civil Procedure lists the only pleadings that are permissible in a civil action: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer, and motions. The filings by Plaintiffs enumerated in the Motion to Strike (ECF No. 24) are clearly not those permitted by the Federal Rules of Civil Procedure or the local rules, nor are they in any form that this Court recognizes. The Court will therefore grant the Defendants' motion to strike these filings.

## Motion to Strike Amended Complaint

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiffs were permitted to amend their Complaint until 21 days after service of the motions to dismiss. Plaintiffs failed to do so. Plaintiffs did not request consent of the Defendants or leave of court, nor did they comply with Local Rule 103 when filing their Amended Complaint.

Even though Plaintiffs clearly did not abide by the rules, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend, however can be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). The Amended Complaint, much like the original, fails to allege identifiable harm traceable to any Defendants. The Amended Complaint alleges new claims that are simply more conclusory allegations that do not articulate any action by Defendants leading to cognizable legal harm. It will therefore be stricken.

In the alternative, the Court would dismiss the Amended Complaint for the reasons discussed previously and because the two new Counts fail to state a claim for relief. The first new claim under 18 U.S.C. § 514 would be dismissed as this is a statute for which there is no civil cause of action. The second new claim, fraud on the Court, is also insufficient especially in light of the enhanced pleading requirements under Federal Rule of Civil Procedure 9(b).

## Conclusion

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss the Complaint (ECF Nos. 6, 10), grant Defendants' Motion to Strike Plaintiffs' Miscellaneous filings (ECF No. 24), and grant Defendants' Motions to Strike Amended Complaint (ECF Nos. 27, 30). A separate Order follows.


Date: March 12, 2014                                /s/
                                          ROGER W. TITUS
                                   UNITED STATES DISTRICT JUDGE